UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CARL LUNGBERG,<br>Petitioner,<br>v.<br>LARRY SCRIBNER, Warden,<br>Respondent. | NO. EDCV 07-1521-GAF (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In the Petition, Petitioner argued that the prosecutor misstated the evidence during closing argument. (Petition, Memo at 23-24.) The California Court of Appeal agreed. (Report at 20 (citing Lodged Document ("LD") 6 at 30).) However, the Court of Appeal found the error to be harmless because it was "not reasonably probable that, had the prosecutor not misstated the evidence, 'the result of the proceeding would have been more favorable to the defendant.'" (LD

at 31 (quoting *People v. Burgener*, 29 Cal. 4th 833, 880, 129 Cal. Rptr. 2d 747 (2003)).)

The Magistrate Judge found that the prosecutor's statements did not so infect the trial with unfairness as to make the conviction a violation of due process, in part because the evidence against Petitioner was substantial. (Report at 21 (citing *Hein v. Sullivan*, 601 F.3d 897, 915 (9th Cir. 2010)).)

Petitioner argues that the Magistrate Judge and the Court of Appeal used the wrong harmless error standard. (Objections at 2.) Petitioner contends that the correct standard is found in *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993) ("The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error.") (emphasis in original). (Objections at 3-4.)

First, the harmless error standard used by the Court of Appeal was the standard for ineffective assistance of counsel. Because Petitioner intertwined his claims of ineffective assistance with his claims of prosecutorial misconduct, the Court of Appeal handled them together. Hence, the Court of Appeal concluded: "We therefore reject his prosecutorial misconduct and IAC challenges founded on the prosecutor's misstatements that defendant did not cooperate with the police or in taking a lie detector test." (LD 6 at 31.) Second, the Magistrate Judge did not adopt, but only quoted, the standard articulated by the Court of Appeal. (Report at 20.) Third, *Sullivan* involved a direct appeal and did not establish the harmless error standard used in federal habeas review. Rather, "an error is harmless unless it had 'substantial and injurious effect or influence in determining the jury's verdict.'") (Report at 16 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)).) Fourth, before harmless error is even considered, the inquiry is whether "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of

due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (citation omitted). The *Darden* standard is very similar to the harmless error standard enunciated in *Brecht*. *See Darden*, 477 U.S. at 183 n.15; *see also Towery v. Schriro*, 2010 WL 5157357, *8 (9th Cir. 2010). As previously noted, the Magistrate Judge found that the prosecutor's statements did not rise to that level. (Report at 21.) Finally, prosecutorial misconduct is subject to harmless error analysis (*see Towery*, 2010 WL 5157357 at *4). Even assuming the Court of Appeal cited the incorrect standard and this Court were therefore to apply *de novo* review, the conclusion would be the same.

Petitioner's remaining objections are without merit.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 8, 2011

GARY A. FEESS
United States District Judge